United States District Court
Southern District of Texas
**ENTERED**
October 26, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| KORAN CAMPBELL,<br>*Plaintiff*, | § | |
| | § | |
| v. | § | Case No. 4:25-cv-04620 |
| | § | |
| INTRALOX, LLC, ET AL.,<br>*Defendants*. | § | |

**JUDGE PALERMO'S**
**REPORT AND RECOMMENDATION**

This is a *pro se* employment discrimination action.[1] Pending before the Court is Defendant Intralox, LLC's ("Defendant") motion for judgment on the pleadings. ECF No. 27. Defendant argues that the Court should dismiss Plaintiff's Title VII claim against Intralox because Plaintiff failed to exhaust his administrative remedies. Intralox asserts that Plaintiff failed to name Intralox as his employer or a respondent in the EEOC charge of discrimination. ECF No. 27-1 at 7. Plaintiff responded that dismissal is premature at this stage because the issues raised in Defendant's motion are fact-intensive and require discovery to resolve. ECF No. 28. Based on the pleadings, the record, and the applicable law, the Court recommends that Defendant's motion for judgment on the pleadings be granted in part and denied in part. Whether Plaintiff's failure to name Defendant in his EEOC charge is excused

[1] On October 30, 2025, the district judge assigned to this case referred all pretrial proceedings pursuant to 28 US.C. § 636. Order, ECF No. 15.

under the fact-intensive "identity-of-interests" analysis is better decided at summary judgment.

## I. BACKGROUND

Plaintiff brings Title VII claims against Defendant and PeopleReady for retaliation, race and gender discrimination, and "wrongful termination/pretext." ECF No. 1 at 2. Plaintiff alleges that Defendant is a "client company" of PeopleReady, which is a staffing agency. ECF No. 1 at 1. Plaintiff alleges that he "was employed by PeopleReady and assigned to work at [Defendant's company]." ECF No. 1 at 1. In his EEOC charges, Plaintiff alleges of Defendant: "I am a Black male and was employed by PeopleReady, a staffing agency, and assigned to work at Intralox LLC around September 2024. . . .While I stated I was not interviewed as part of a formal investigation, I want to note that a supervisor at the job site (Intralox) briefly asked for my account of the incident on the day it occurred. However, I was never contacted again by PeopleReady. . . ." ECF Nos. 27-2; 27-4.

Plaintiff attached to his complaint: (1) his EEOC right to sue letter issued on August 13, 2025, ECF No. 1-2, and (2) statement of wages from employers "Express Employment Professionals, Randstad US LLC, and PeopleReady Inc.," ECF No. 1-3. On May 5, 2026, Defendant filed a motion for judgment on the pleadings and attached: (1) Plaintiff's charge of discrimination against PeopleReady, naming PeopleReady as his employer, ECF No. 27-2; (2) Plaintiff's amended charge of

discrimination against "PeopleReady Northeast Inc.," naming PeopleReady as his employer, ECF No. 27-3; and (3) Plaintiff's initial charge document naming "PeopleReady Inc." as his employer, ECF No. 27-4.[2]

## II. LEGAL STANDARD

"A party may move for judgment on the pleadings '[a]fter the pleadings are closed—but early enough not to delay trial.'" *Vasquez v. Univ. of Tex. Health Sci. Ctr.*, No. 4:23CV2418, 2024 WL 666120, at *2 (S.D. Tex. Jan. 25, 2024), *adopted*, No. 4:23CV2418, 2024 WL 665343 (S.D. Tex. Feb. 16, 2024) (quoting Fed. R. Civ. Pro. 12(c)). "Rule 12(c) provides a mechanism for resolving cases in which the material facts are not in dispute and the court can render a judgment by looking only at the pleadings and judicially noticed facts." *Id.* (citing *Garza v. Escobar*, 972 F.3d 721, 727 (5th Cir. 2020)). The standard for dismissal under Rule 12(c) is the same as the standard under Rule 12(b)(6). *Id.* (citing *Garza*, 972 F.3d at 727). To survive a motion under Rule 12(c), "a complaint must contain sufficient factual allegations to state a claim that is plausible on its face." *Id.* (citing *Garza*, 972 F.3d at 727; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

---

[2] "[D]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [his] claim." *Senegal v. Yum! Brands, Inc.*, No. CV H-18-1734, 2019 WL 448943, at *3 (S.D. Tex. Feb. 5, 2019) (quoting *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993))).

inference that the defendant is liable for the conduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009)). "The Court accepts all well-pleaded facts as true, viewing them in the light most favorable to [P]laintiff." *Id.* (citing *Alexander v. AmeriPro Funding, Inc.*, 48 F.3d 68, 701 (5th Cir. 2017) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004))). However, the Court "does not apply the same presumption to conclusory statements or legal conclusions." *Id.* (citing *Iqbal*, 556 U.S. at 678-79).

## III. DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS SHOULD BE DENIED.

Defendant argues that "Plaintiff's Title VII claim against [Defendant] should be dismissed with prejudice because Plaintiff failed to administratively exhaust his claims against [Defendant] because he failed to name [Defendant] as a respondent in the charge of discrimination he filed with the EEOC," and instead "identified staffing company PeopleReady as his employer in the charge and noted simply that he was on assignment to [Defendant]" and "*only* identified PeopleReady as the entity that allegedly discriminated against him." ECF No. 27-1 at 1 (emphasis in original). Defendant notes that it "is a wholly separate entity and is a customer of PeopleReady and therefore shares no identity-of-interest with PeopleReady." ECF No. 27-1 at 1. As a result, "[Defendant] did not receive notice of the charge." ECF No. 27-1 at 1.

Plaintiff filed a response arguing that dismissal is premature at this stage and discovery is necessary to determine whether his failure to name Defendant in his EEOC charge falls under an exception to this requirement. ECF No. 28. Plaintiff noted that although he did not name Defendant in his EEOC charge, Defendant is properly named in this case because of the "identity-of-interest or joint employer" exception, namely because Defendant "supervised daily work, controlled conditions, and influenced disciplinary decisions." ECF No. 28 at 1. Plaintiff continues that his claim may also fall under the actual notice exception, but he needs discovery to make this determination. ECF No. 28 at 1. Defendant replied that "[w]hether [Defendant] exercised control over Plaintiff's assignments, supervision, or disciplinary outcome is irrelevant to a determination of whether [Defendant] shares an identity of interest with PeopleReady such that [Defendant] 'could be sued in court despite not being named in the charge.'" ECF No. 29 at 2 (quoting *Doohan v. ExxonMobil*, No. 4:21-CV-01467, 2023 WL 3352228, at *5 (S.D. Tex. May 10, 2023), *adopted*, No. 4:21-CV-01467, 2023 WL 3550211 (S.D. Tex. May 18, 2023) (quoting *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014), *as revised* (Sept. 18, 2014))).

"As a general rule, 'a party not named in an EEOC charge may not be sued under Title VII.'" *Heckman v. TransCanada USA Services, Inc.*, No. 3:18-CV-00375, 2021 WL 1180785, at *8 (S.D. Tex. Mar. 10, 2021), *adopted*, No. 3:18-CV-00375, 2021 WL 1180714 (S.D. Tex. Mar. 29, 2021) (quoting *EEOC v. Simbaki*

*Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014) (quoting *Way v. Mueller Brass Co.*, 840 F.2d 303, 307 (5th Cir. 1998))). "When applying that general rule, however, courts liberally construe Title VII's naming requirement so as to not frustrate claimants with needless procedural roadblocks." *Id.* (quoting *Simbaki*, 767 F.3d at 481).

"First, a failure to name a party in an EEOC charge may be excused if the party had actual notice of the EEOC charge and an opportunity to participate in conciliation." *Reuter v. XTO Energy, Inc.*, No. 4:20-CV-01474, 2022 WL 784474, at *4 (S.D. Tex. Mar. 15, 2022), *adopted*, No. 4:20-CV-01474, 2022 WL 2712860 (S.D. Tex. July 13, 2022) (citing *Simbaki*, 767 F.3d at 483–84).

The Court rejects Plaintiff's invocation of this exception. Plaintiff did not plead or include in his response that Defendant had actual notice of his EEOC filing and opportunity to participate in conciliation. Merely acknowledging that he does not know if Defendant had actual notice and the opportunity to participate in conciliation, but that he could potentially uncover evidence for that exception is insufficient. Furthermore, in his EEOC charges, Plaintiff did not include Defendant in the named contacts. His only mention of Defendant was that he was assigned to work at Intralox, and an Intralox supervisor asked him about the incident the day it occurred. ECF No. 27-2 at 1–2. There is no indication that Defendant had actual notice or the opportunity to participate in conciliation.

Turning to the other exception, "entities that are not named in an EEOC charge

may still face suit if they share an 'identity-of-interests' with an employer that was named in the EEOC charge." *Heckman*, 2021 WL 1180785, at *8 (quoting *Simbaki Ltd.*, 767 F.3d at 484). "The Fifth Circuit's identity-of-interests test, commonly referred to as the '*Glus* factors,' includes the following four factors:

> (1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint;
>
> (2) whether, under the circumstances, the interests of a named are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings;
>
> (3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party;
>
> (4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

*Id.* (quoting *Simbaki Ltd.*, 767 F.3d at 482–83 (quoting *Glus v. G.C. Murphy Co.*, 562 F.2d 880, 888 (3d Cir. 1977)).

"Because the *Glus* test is a fact-intensive inquiry, *see Simbaki*, 767 F.3d at 485 n.16, it's inappropriate for [the Court] to determine whether the 'identity-of-interests' exception might apply at the Rule 12(b)(6) stage." *See Heckman*, 2021 WL 1180785, at *8 (citing *Stokes v. Modis*, No. 2:14-06515 (WJM), 2015 WL 3648958, at *1 n.3 (D.N.J. June 11, 2015) ("[D]etermining whether a plaintiff has exhausted his administrative remedies against a defendant that is not named in an EEOC charge

is a fact-intensive inquiry, which the Court will not engage in at this time."); *Owens–Presley v. MCD Pizza, Inc.*, No. 14–6002, 2015 WL 569167, at *2 (E.D. Pa. Feb. 10, 2015) ("Application of the *Glus* factors to the affirmative defense of failure to exhaust administrative remedies is a fact-intensive analysis which this Court will not engage in prior to discovery.")).

"Whether the identity of interest exception applies requires a more developed factual record" than what is available at the pleading stage "and is better suited for resolution at summary judgment." *See Heckman*, 2021 WL 1180785, at *8 (citing *DePaolo v. Ocean Props. Ltd*, No. 2:16-CV-468-NT, 2017 WL 432680, at *3 (D. Me. Jan. 31, 2017)); *see also Truelove v. Tex. Dep't of Criminal Justice*, No. 4:19-CV-763, 2020 WL 11272645, at *6 (S.D. Tex. Oct. 27, 2020) ("courts have deferred consideration of the *Glus* exception until the summary judgment stage when the record is sufficiently developed.") (citing *Steward v. Aries Freight Sys., LP*, No. CIV.A. H-07-1651, 2007 WL 3001660, at *4 (S.D. Tex. Oct. 12, 2007); *EEOC v. Bass Pro Outdoor World, LLC*, 884 F. Supp. 2d 499, 527 (S.D. Tex. 2012), *on reconsideration on different grounds*, 35 F. Supp. 3d 836 (S.D. Tex. 2014), *aff'd sub nom. Equal Employment Opportunity Comm'n v. Bass Pro Outdoor World, LLC*, 826 F.3d 791 (5th Cir. 2016); *Mathews v. Houston Indep. Sch. Dist.*, 595 F. Supp. 445, 448 (S.D. Tex. 1984)). Notably, all of Defendant's cases cited in support of dismissal were decided at the summary judgment stage. *See Reuter*, 2022 WL

784474, at *1; *Doohan*, 2023 WL 3352228, at *1; *Hazeur v. Fed. Warranty Serv. Corp.*, No. CIV.A. 98-2568, 1999 WL 615176, at *1 (E.D. La. Aug. 12, 1999). Plaintiff's allegations are sufficient at this stage. Based on the above, Defendant's motion should be denied.

## IV. CONCLUSION

Based on the above, the Court **RECOMMENDS** that Defendant's motion for judgment on the pleadings be **GRANTED IN PART AND DENIED IN PART**. ECF No. 27. Plaintiff's Title VII claims against Defendant should remain.

**The Parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude review of factual findings or legal conclusions, except for plain error. *Quinn v. Guerrero*, 863 F.3d 353, 358 (5th Cir. 2017).**

Signed at Houston, Texas, on October 26, 2026.

Dena Palermo

**Dena Hanovice Palermo**
**United States Magistrate Judge**